IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DEONDRAY RAYMOND MASON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-22-832-HE |
| ) | |
| **THE TEXAS DEPARTMENT OF** ) | |
| **CRIMINAL JUSTICE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## REPORT AND RECOMMENDATION

Plaintiff Deondray Raymond Mason ("Plaintiff"), a state prisoner appearing *pro se*, initiated this action under 42 U.S.C. § 1983, alleging violations of his federal constitutional rights. (Doc. 1).[1] This matter has been referred to the undersigned for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 4). Following the requisite screening of Plaintiff's Complaint, the undersigned recommends the **TRANSFER** of this action to the United States District Court for the Northern District of Texas, Lubbock Division.

**I.   Plaintiff's Claims**

Plaintiff is currently incarcerated at the Preston E. Smith Unit in Lamesa, Texas. (*See* Doc. 1, at 4).[2] In his Complaint, Plaintiff asserts violations of certain rights committed

---

[1] Citations to a court document are to its electronic case filing designation and pagination. Quotations are verbatim unless indicated.

[2] *See also* Texas Department of Criminal Justice Inmate Information Search, https://inmate.tdcj.texas.gov/InmateSearch/start (TDCJ Number 02198087) (last visited October 11, 2022).

by the Texas Department of Criminal Justice ("TDCJ") and the TDCJ CID Director. (Doc. 1, at 4). While Plaintiff's claims are unclear, they appear to relate to his conditions of imprisonment in Lamesa, Texas, and access to legal records pertaining to a case or cases pending before various divisions of the United States District Court for the Northern District of Texas. (*See id.* at Exs. 1-7).

## II.     The Court's Duty to Screen Prisoner Complaints

Federal law mandates the screening of each complaint in a civil action filed by a prisoner seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or any portion of it that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915A(b).

Additionally, the court can review whether venue is proper "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (citation omitted). "[T]he court acting on its own motion, may raise the issue of whether a change of venue would be in the interest of justice." *Love's Travel Stops & Country Stores, Inc. v. Oakview Constr., Inc.*, 2010 WL 4811450, at *6 (W.D. Okla. Nov. 19, 2010).

## III.    Venue In This District Is Improper, and Plaintiff's Complaint Should Be Transferred to the United States District Court for the Northern District of Texas, Lubbock Division.

"[T]he term 'venue' refers to the geographic specification of the proper court or courts for the litigation of a civil action . . . ." 28 U.S.C. § 1390(a). The proper venue for

Plaintiff's action is in the "judicial district in which any defendant resides" or the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(1), (2).

Based on the Complaint, it appears that every "part of the events or omissions giving rise to [Plaintiff's] claim[s] occurred" at Plaintiff's current place of incarceration, in Lamesa, Texas, located in Dawson County. 28 U.S.C. § 1391(b)(2).[3] The County of Dawson, State of Texas, is located within the Northern District of Texas, Lubbock Division. 28 U.S.C. § 124(a)(7). Thus, venue is proper in that court. 28 U.S.C. § 1391(b)(1), (2).

## IV.    Recommended Ruling and Notice of Right to Object.

For the reasons discussed above, the undersigned recommends the **TRANSFER** of this action to the United States District Court for the Northern District of Texas, Lubbock Division.

**The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before November 1, 2022,** under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives

---

[3] The undersigned takes judicial notice of the location of Lamesa within Dawson County in the state of Texas. *See* Fed. R. Evid. 201(b); *see also United States v. Piggie*, 622 F.2d 486, 488 (10th Cir. 1980) ("Geography has long been peculiarly susceptible to judicial notice for the obvious reason that geographic locations are facts which are not generally controversial. . . .").

his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

As Plaintiff's *in forma pauperis* status (Doc. 2) should be determined by the Northern District of Texas, this Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge and terminates the referral unless and until the matter is re-referred.

ENTERED this 11th day of October, 2022.

AMANDA MAXFIELD GREEN
UNITED STATES MAGISTRATE JUDGE